**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| Manjan A. Chowdhury, derivatively and on behalf of nominal defendant PlayAGS, Inc., <br><br>　　　　　　Plaintiff, <br><br>　v. <br><br>David Lopez, et al., <br><br>　　　　　　Defendants. <br><br>and <br><br>PlayAGS, Inc., a Nevada corporation, <br><br>　　　　　　Nominal defendant. | Case No. 2:22-cv-00489-RFB-DJA <br><br>**Order** |

　　　Before the Court is the parties' stipulation to extend the deadline by which they must complete their Federal Rule of Civil Procedure 26(f) conference, the deadline by which they must file their discovery plan and scheduling order under Local Rule 26-1, and the deadline by which Defendants must respond to the complaint.  (ECF No. 5).  The parties ask for thirty days from the date of this order in which to meet and confer "regarding relevant deadlines and schedules…" (*Id.* at 3).  They ask to "adjourn" the deadline by which they must conduct their 26(f) conference, the deadline by which they must file their discovery plan and scheduling order under Local Rule 26-1, and the deadline by which Defendants must respond to the complaint until "such time as agreed between Plaintiff and Defendants…" (*Id.*).  They also assert that "Defendants hereby waive service of summons and accept service of the Complaint…" (*Id.* at 2-3).

　　　Under LR 26-1, a plaintiff must initiate scheduling the 26(f) conference within thirty days after the first defendant answers or otherwise appears.  LR 26-1(a).  Fourteen days after the 26(f) conference, the parties must submit a stipulated discovery plan and scheduling order.  *Id.*  That stipulated discovery plan must typically calculate dates from the date the first defendant answers

or appears unless the parties seek special scheduling review. LR 26-1(b)(1). Under Federal Rule of Civil Procedure 12(a)(1)(A)(ii), if a party has timely waived service, that party has sixty days after the request for a waiver was sent to respond to the complaint. Fed. R. Civ. P. 12(a)(1)(A)(ii).

The Court grants the parties stipulation in part and sets a deadline by which the parties must meet and confer. However, the Court denies the parties' request to "adjourn" the deadlines by which they must complete their 26(f) conference and submit their discovery plan and scheduling order under LR 26-1. Instead, the Court sets concrete deadlines. The Court also denies the parties' request to extend the deadline by which Defendants must respond to the complaint. While Defendants assert to have waived service, the parties have not provided the date on which Plaintiff sent the request for waiver of service. Without this date, the Court cannot determine whether an extension is appropriate for this deadline. And the Court will not set a floating deadline to be determined by the parties later. If the parties wish to extend the deadline by which Defendants must respond to the complaint, they must include the current deadline for that response in their stipulation.

**IT IS THEREFORE ORDERED** that the parties' stipulation (ECF No. 5) is **granted in part** as it relates to setting a deadline by which the parties must meet and confer and **denied in part** as it relates to the deadline by which Defendants must respond to the complaint and setting floating deadlines for the 26(f) conference and LR 26-1 discovery plan and scheduling order.

**IT IS FURTHER ORDERED** that the parties must meet and confer by **June 1, 2022.**

**IT IS FURTHER ORDERED** that the parties shall conduct their 26(f) conference by **June 15, 2022.**

**IT IS FURTHER ORDERED** that the parties must file their discovery plan and scheduling order in compliance with LR 26-1 by **June 29, 2022.**

DATED: May 2, 2022

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE