1

2

3

4

5

6

7

8

9

10

11

12                    **UNITED STATES DISTRICT COURT**

13                          **DISTRICT OF NEVADA**

| | |
|---|---|
| MANJAN A. CHOWDHURY, Derivatively on Behalf of Nominal Defendant PLAYAGS, INC., | Case No. 2:22-cv-00489-ART-DJA |
| Plaintiff, | **ORDER APPROVING** |
| v. | **STIPULATION TEMPORARILY STAYING ACTION** |
| DAVID LOPEZ, KIMO AKIONA, DAVID SAMBUR, DANIEL COHEN, ERIC PRESS, YVETTE E. LANDAU, ADAM CHIBIB, GEOFF FREEMAN, and ANNA MASSION, | **(FIRST REQUEST)** |
| Defendants, | |
| and | |
| PLAYAGS, INC., a Nevada Corporation, | |
| Nominal Defendant. | |

Plaintiff Manjan A. Chowdhury ("Plaintiff"), Defendants David Lopez, Kimo Akiona,

David Sambur, Daniel Cohen, Eric Press, Yvette E. Landau, Adam Chibib, Geoff Freeman, and

Anna Massion ("Individual Defendants"), and Nominal Defendant PlayAGS, Inc. ("PlayAGS";

together with Individual Defendants, the "Defendants")—collectively, the "Parties"—jointly

submit this Stipulation and (Proposed) Order Temporarily Staying Action (the "Stipulation") to

24237071.1

1   temporarily stay the above-captioned derivative action (the "Action"), and in support thereof state

2   as follows:

3   WHEREAS, Plaintiff filed the above-captioned action allegedly on behalf of and for the

4   benefit of PlayAGS against the Individual Defendants seeking to remedy the Individual

5   Defendants' alleged breach of fiduciary duties, and against Defendants Lopez and Akiona for

6   contribution under Sections 10(b) and 21D of the Securities Exchange Act of 1934 ("Exchange

7   Act");

8   WHEREAS, pending in the United States District Court for the District of Nevada is a

9   related putative securities class action captioned: *In re PlayAGS, Inc. Securities Litigation*, Case

10  No. 2:20-cv-01209-JCM-NJK (the "Securities Class Action");

11  WHEREAS, Plaintiff maintains that the Action has merit independent of and is not

12  dependent on the ultimate outcome of the Securities Class Action;

13  WHEREAS, there is substantial overlap between the facts and circumstances alleged in the

14  Action and the Securities Class Action, including the relevance of many of the same documents

15  and witnesses;

16  WHEREAS, the defendants in the Securities Class Action filed a motion to dismiss the

17  Second Amended Consolidated Class Action Complaint for failure to state a claim on May 24,

18  2021, and that motion was fully briefed as of September 13, 2021;

19  WHEREAS, the Parties agree that a decision on the pending motion to dismiss the

20  Securities Class Action could have important implications for the efficient prosecution of the

21  Action;

22  WHEREAS, pursuant to the Private Securities Litigation Reform Act ("Reform Act"), 15

23  U.S.C. § 78u–4(b)(3)(B), "all discovery and other proceedings shall be stayed during the pendency

24  of any motion to dismiss" and, as a result, until the court decides the defendants' motion to dismiss

25  the Securities Class Action, the Securities Class Action will be stayed;

26  WHEREAS, on April 22, 2022, the Parties in the Action submitted a Stipulation and

27  (Proposed) Order (First Request) seeking (i) to extend the deadline for Defendants to respond to

28

---

the Complaint until after the Parties could meet and confer, (ii) to adjourn the deadlines under Rule 26(f) and Local Rule 26-1 until after the Parties could meet and confer, and (iii) for the Parties to meet and confer within thirty (30) days from the Court so-ordering the Stipulation (ECF No. 5.);

WHEREAS, on May 2, 2022, the Court issued an Order granting in part and denying in part the April 22, 2022 stipulation, and ordering the Parties to meet and confer by June 1, 2022, conduct their Rule 26(f) conference by June 15, 2022, and file their discovery plan by June 29, 2022 (ECF No. 6);

WHEREAS, on May 9, 2022, counsel for Plaintiff sent a request for waiver of service to counsel for Defendants and Nominal Defendant PlayAGS, which counsel for Defendants executed (*see* ECF No. 11);

WHEREAS, on May 10, 2022, the Parties filed a Joint Notice of Related Cases Pursuant to Local Rule 42-1 (ECF No. 7) in both the Action and the Securities Class Action, notifying the Court that the two actions are related and seeking to have the Action assigned to District Judge James C. Mahan and Magistrate Judge Nancy J. Koppe, before whom the Securities Class Action is already pending;

WHEREAS, on May 18, 2022, the Action was reassigned to District Judge Anne R. Traum in order to create her caseload (ECF No. 8);

WHEREAS, on May 24, 2022, the Parties filed an Amended Joint Notice of Related Cases Pursuant to Local Rule 42-1 (ECF. No. 12) in both the Action and the Securities Class Action, notifying the Court that the two actions are related and seeking to have the Action assigned to District Judge James C. Mahan and Magistrate Judge Nancy J. Koppe, before whom the Securities Class Action is already pending;

WHEREAS, the Parties recognize that this Court has wide discretion in controlling its docket, including staying discovery or the entire action where there is overlap with another proceeding.[1] In maintaining its docket, the Court is guided by Federal Rule of Civil Procedure 1

---

[1] *See, e.g., Landis v. N. Am. Co*., 299 U.S. 248, 254-55 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); *Lockyer v. Mirant Corp*., 398 F.3d 1098, 1109 (9th Cir. 2005) ("A district court has discretionary power to

1  requiring that the rules "be construed, administered, and employed by the court and the parties to

2  secure the just, speedy, and inexpensive determination of every action and proceeding." FRCP 1;

3  *see also* L.R. 1-1(a) ("These rules will be administered in a manner to secure the just, speedy, and

4  inexpensive determination of every action and proceeding.").  In emphasizing the importance of

5  this goal, this Court has expressly stated its commitment "to assisting attorneys and parties in

6  reducing costs in civil cases," and reiterated "the obligation of attorneys, as officers of the court, to

7  work toward the prompt completion of each case and to minimize litigation expense." L.R. 1-1(b).

8  The Court has also emphasized that "[e]ffective advocacy depends on cooperative use of these rules

9  to manage cases in a cost-effective manner." *Id*.

10      WHEREAS, in order to ensure economy of time and effort for the Court, for counsel, and

11  for litigants, Plaintiff and Defendants have agreed that, in light of the significant overlap between

12  the Action and the Securities Class Action, and in light of the stay of proceedings which

13  commenced by operation of law following the filing of the motion to dismiss the Securities Class

14  Action, that the Action should be temporarily stayed on the terms set forth below unless and until

15  either (1) the Securities Class Action is dismissed, with prejudice, and all appeals related thereto

16  have been exhausted; or (2) the pending motion to dismiss the Securities Class Action is denied in

17  whole or in part such that the Reform Act stay dissolves as a matter of law; or (3) any of the Parties

18  to this Stipulation gives a fifteen (15) day notice in writing via email to opposing counsel that they

19  no longer consent to the voluntary stay of the Action; and

20      WHEREAS, the Parties' joint request to temporarily stay the proceedings is not sought for

21  the purpose of delay or any other improper purpose, and the Parties submit that good cause exists

22  to temporarily stay the Action as set forth herein;

23      NOW THEREFORE, it is hereby stipulated by and between the undersigned, subject to the

24  Court's approval, that:

25

26

---

27  stay proceedings in its own court under [*Landis*]"); *see also Nelson v. Safeco Ins. Co. of Illinois*,
   No. 2:10-CV-00241-JCM, 2011 WL 13848, at *1 (D. Nev. Jan. 4, 2011) ("The court has broad

28  discretion in controlling discovery.").

---

STIPULATION AND [PROPOSED] ORDER TEMPORARILY STAYING ACTION

24237071.1

1.      The Action shall be temporarily stayed, and all case deadlines set by rule or by previous order of the Court shall be vacated, upon the Court's approval of this Stipulation as an Order of the Court.

2.      The Parties agree that notwithstanding this stay of the Action, Plaintiff may file an amended complaint; however, Defendants need not answer or otherwise respond to the Complaint or to any other complaint or amended complaint that is filed in or consolidated with the above-captioned action during the pendency of this stay.

3.      Upon occurrence of any of (1) the dismissal of the Securities Class Action, with prejudice, and exhaustion of all appeals related thereto; or (2) the denial of any motion to dismiss the Securities Class Action in whole or in part such that the Reform Act stay dissolves as a matter of law; or (3) fifteen (15) days after any of the Parties to this Stipulation has given notice in writing via email to opposing counsel that they no longer consent to the voluntary stay of the Action, then the stay shall be lifted and the Parties shall notify the Court within fifteen (15) days after the occurrence of any of the events above that the stay has been lifted.

4.      Within 30 days after the stay is lifted as a result of one of the events detailed in paragraph 3, the Parties shall meet and confer and submit a proposed schedule to the Court for Defendants' response to the Complaint and other deadlines.

5.      The Parties shall submit a Joint Status Report to the Court every ninety (90) days following approval of this Stipulation as an Order of the Court, to advise the Court as to the status of the Securities Class Action.

6.      Defendants shall promptly notify Plaintiff in the event any other factually related stockholder derivative proceedings are initiated, including but not limited to the filing of a summons and complaint derivatively on behalf of PlayAGS based on the same or similar set of factual allegations as alleged in this Action.

7.      This stay shall not apply to any motions, stipulations, or any other related filings pertaining to consolidation of related shareholder derivative actions and/or appointment of lead plaintiff(s) and lead and liaison counsel(s).

24237071.1

1    8.    If, during the pendency of the stay, a mediation or formal settlement conference is

2    held in effort to settle the Securities Class Action or any factually related derivative action,

3    Defendants shall provide Plaintiff with reasonable advance notice of, and invite Plaintiff to, the

4    mediation.

5    DATED this 6th day of June, 2022.

6
**BROWNSTEIN HYATT FARBER**                    **ALDRICH LAW FIRM, LTD.**
7    **SCHRECK, LLP**
                                               BY: *s/ Catherine Hernandez*
8    BY: ____*/s/ Kirk B. Lenhard*____         John P. Aldrich, Esq., Bar No. 6877
     KIRK B. LENHARD, ESQ., Bar No. 1437       Catherine Hernandez,  Bar No. 8410
9    100 N. City Parkway, Suite 1600           7866 West Sahara Avenue
     Las Vegas, NV  89106                      Las Vegas, Nevada 89117
10   Email: klenhard@bhfs.com

11   **BAKER & HOSTETLER LLP**                  **GLANCY PRONGAY & MURRAY LLP**

12                                             Pavithra Rajesh
     DOUGLAS W. GREENE, ESQ.                   1925 Century Park East, Suite 2100
13   (*pro hac vice* forthcoming)              Los Angeles, CA 90067
     45 Rockefeller Plaza                      Telephone: (310) 201-9150
14   New York, NY  10111                       Facsimile: (310) 201-9160
     Telephone:  212.589.4200                  Email: prajesh@glancylaw.com
15   Facsimile:  212.589.4201
16   Email: dgreene@bakerlaw.com               Benjamin I. Sachs-Michaels
                                               712 Fifth Avenue
17   *Attorneys for Defendants David Lopez, Kimo*   New York, NY 10019
     *Akiona, David Sambur, Daniel Cohen, Eric*     Telephone: 212.935.7400
18   *Press, Yvette E. Landau, Adam Chibib, Geoff*  Facsimile: 212.756.3630
     *Freeman, and Anna Massion, and Nominal*       Email: bsachsmichaels@glancylaw.com
19   *Defendant PlayAGS Inc.*
                                               *Counsel for Plaintiff Manjan Chowdhury*
20

21

22                          **ORDER**

23
                        **IT IS SO ORDERED.**
24

25

26   _____
     Anne R. Traum
27   UNITED STATES DISTRICT JUDGE

28
                        DATED: June 9, 2022

24237071.1